FILED

**NOT FOR PUBLICATION**

DEC 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HONGMO NIE, | No. 11-70523 |
| Petitioner, | Agency No. A095-026-975 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2014[**]
Pasadena, California

Before: SILVERMAN, BEA, and CHRISTEN, Circuit Judges.

Hongmo Nie, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' decision affirming the immigration judge's denial of his

applications for asylum, withholding of removal, and relief under the Convention

Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**GRANT IN PART AND DENY IN PART** the petition and **REMAND** to the BIA for further proceedings consistent with this decision.

Substantial evidence supports the BIA's determination that Nie was not a whistleblower, as Nie did not show that the managers of his former employer were "corrupt government officials." *See Grava v. I.N.S.*, 205 F.3d 1177, 1181 (9th Cir. 2000). The BIA erred, however, by not considering Nie's related argument that he was arrested, beaten, forced to sign the "confession letter," and required to report to the police each week after his release on account of his political opinion; that is, either his pro-labor stance or the imputed political opinion that he is "anti-government" and "anti-communist."

In *Hu v. Holder*, 652 F.3d 1011, 1017-18 (9th Cir. 2011), the Ninth Circuit recognized that both a pro-labor stance and the imputed belief that one is "anti-government" or "anti-communist" can be political opinions upon which an applicant may be found eligible for asylum. Accordingly, the court remands the case to the BIA so that it may consider, in the first instance, whether Nie is eligible for asylum under *Hu*.

Substantial evidence does not support the BIA's determination that Nie's "treatment in detention and release with payment of a fine" did not rise to the level of past persecution or establish a presumption of a well-founded fear of future

persecution. *See Guo v. Ashcroft*, 361 F.3d 1194, 1203-04 (9th Cir. 2004). To reach these conclusions, the BIA relied only on the fact that Nie "did not claim to require medical treatment after his release," and that he waited six months before fleeing China. The BIA's decision ignores Nie's testimony that the beatings were "extremely painful," that when he was released from the police station he had "internal wound[s]" and visible bruising on his body, and that the police have come to his house looking for him since he fled China because he has missed his weekly reports. Nie's arrest, seven-day detention, three beatings at the hands of the police, forcible signing of a "confession letter" that purports to concede he is "anti-government," and the requirement that he report to the police each week are sufficient to establish that Nie suffered past persecution and to give rise to a presumption of a well-founded fear of future persecution. *See id.* The BIA did not reach the question of whether the government met its burden of rebutting that presumption. Accordingly, the court remands to the agency for consideration of that question as well.

Each party shall bear their own costs.

**PETITION FOR REVIEW GRANTED IN PART AND DENIED IN PART; REMANDED**.